IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAYON MCINTOSH,

|                               |          |                    |
|-------------------------------|----------|--------------------|
| Plaintiff,                    |          | OPINION AND ORDER  |
| v.                            |          | 20-cv-451-wmc      |

DANIEL GOFF, WILLARD WEST,
TRINA KROENING-SKIMA,
and GARY BOUGHTON,

Defendants.

Dayon McIntosh, an inmate at the Wisconsin Secure Program Facility ("WSPF"), filed this civil action contending that prison staff failed to accommodate his request to fast during Ramadan in 2020, in violation of his rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). McIntosh's complaint is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, McIntosh's RLUIPA claim is moot, and he has failed to plead sufficient allegations to proceed on his constitutional claims. However, the court will grant McIntosh the opportunity to amend his complaint to correct the deficiencies described below.

ALLEGATIONS OF FACT[1]

At all times relevant to this action, McIntosh was incarcerated at WSPF. He names as defendants WSPF employees: Warden Gary Boughton, Chaplain Daniel Goff, Religious Practices Coordinator Willard West, and Programs Director Trina Kroening-Skima.

---

[1] Courts must read allegations in pro se complaints generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court assumes the facts above based on the allegations made in plaintiff's complaint.

On March 22, 2020, McIntosh submitted a request to Chaplain Goff to be added to the prison's list of inmates observing the Muslim holy month of Ramadan, which requires fasting between sunrise and sunset for 30 days.  Goff allegedly denied McIntosh's request as untimely because the deadline to sign up was February 24.[2]  McIntosh wrote Goff a follow-up request on March 25, emphasizing his "sincerity to be placed on the list" of fasting inmates.  (Dkt. #1 at 4.)  Goff again denied McIntosh's request, noting that information about Ramadan fasting had been posted "on each unit" and that it was McIntosh's "responsibility to ask" if he was not aware of where such postings were made. (*Id.*)  Program Director Kroening-Skima similarly responded to McIntosh's March 30 fasting request, noting that it was his responsibility to stay informed about such deadlines.

As Ramadan approached, McIntosh alleges that he submitted additional fasting requests to Goff and Kroening-Skima on April 20, and wrote to Warden Boughton on March 30 and April 17, but received no reply from anyone.  According to McIntosh, he was the only Muslim at WSPF that defendants did not allow to participate in Ramadan fasting because his request to do so came after the sign-up deadline.

OPINION

The court understands plaintiff to be alleging that defendants would not honor his late request to participate in Ramadan fasting.  Plaintiff indicates that he is suing defendants in their official capacities under RLUIPA, and in their individual capacities

---

[2] Public records available online show that in 2020, Ramadan began on April 23 and ended on May 23.  Accordingly, it appears that in 2020, WSPF required inmates to sign up for Ramadan meals approximately 60 days in advance.

under 42 U.S.C. § 1983 for violating his rights under the First Amendment's Free Exercise Clause, and for class-of-one discrimination under the Fourteenth Amendment's Equal Protection Clause.  The court will address each claim in turn.

## I.  RLUIPA

RLUIPA prohibits prison officials from imposing a substantial burden on an inmate's religious exercise, unless the government demonstrates that imposition of the burden on that person is the least restrictive means of furthering a compelling governmental interest.  42 U.S.C. § 2000cc-1(a); *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).  To state a claim under RLUIPA, a plaintiff must allege that he has a sincere religious belief and that his religious exercise was substantially burdened.  *Holt v. Hobbs*, 574 U.S. 352, 357 (2015).  If the plaintiff meets this threshold, the defendants must demonstrate that their actions further "a compelling governmental interest" by "the least restrictive means."  *Holt*, 574 U.S. at 357; *Cutter v. Wilkinson*, 544 U.S. 709, 712 (2005).

Plaintiff's RLUIPA claim must be dismissed because it is moot.  He alleges that his religious beliefs require him to fast during Ramadan, and that defendants refused to accommodate his participation in the Ramadan fast.  The court assumes plaintiff is pursuing some form of injunctive relief under RULIPA based on his assertion that he is suing defendants in their official capacities for violating his statutory rights, as distinct from the declaratory and monetary relief he seeks for the alleged constitutional violations.  (Dkt. #1 at 8.)  Official-capacity claims are limited to injunctive or declaratory relief regarding the challenged government policy.  *Grayson v. Schuler*, 666 F.3d 450, 451 (7th

3

Cir. 2012).  However, a plaintiff is entitled to prospective injunctive relief only if such relief is actually needed, meaning, that there is a danger of the violation recurring.  *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't,* 924 F.3d 375, 395 (7th Cir. 2019).

In this instance, plaintiff's allegations do not suggest that he needs prospective injunctive relief, nor does plaintiff indicate what injunctive relief he wants.  Although plaintiff alleges that he was not able to participate in the Ramadan fast in 2020 after missing the signup deadline, he does not also allege that the signup deadline will be a problem for him in the future.  Moreover, he is now aware of the deadline and where it is posted.  Therefore, he cannot proceed on his RLUIPA claim as pled.  *See Kyle v. Goff*, No. 20-cv-460-jdp, 2020 WL 4219838, at *1 (W.D. Wis. July 23, 2020) (denying reconsideration of dismissal as moot at screening stage of RLUIPA claim where plaintiff did not specify the type of injunctive relief sought and was now aware of the Ramadan fasting signup deadline and where that deadline would be posted).

## II. First Amendment Free Exercise Claim

Plaintiff's constitutional claims also fail to pass muster as currently pled, but for different reasons.  Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  Relevant here, dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'"  *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff claims that defendants violated his right under the First Amendment to freely exercise his religion.  To state a free exercise claim, plaintiff must allege facts suggesting that defendants "personally and unjustifiably placed a substantial burden on his religious practices." *Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1003 (7th Cir. 2019) (quoting *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016)).  A substantial burden is one that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981).  In the prison context, such a burden is justified if it is reasonably related to a legitimate penological interest. *Thompson*, 809 F.3d at 380 (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)).

The court will accept for purposes of screening that strictly enforcing the sign-up deadline to participate in Ramadan in 2020 substantially burdened plaintiff's religious practices.  And as for whether the sign-up deadline is reasonably related to a legitimate penological interest, the court will adhere to the general rule to not make that assessment in the context of a screening order. *Ortiz v. Downey*, 561 F.3d 664, 669-70 (7th Cir. 2009).

Still, plaintiff cannot proceed on his free exercise claim as currently pled because it would be barred by qualified immunity, a doctrine that shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).  Although qualified immunity is an affirmative defense that generally must be raised by the defendants, courts may consider it if, as here, it is "plain from the language of the complaint and other documents in the district court's files." *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).

5

The court understands plaintiff to be alleging that he missed the posted 2020 sign-up deadline for Ramadan meals by about a month and defendants would not make an exception for him.  However, this court has recently concluded "in several cases that there are no cases from the Supreme Court or Court of Appeals for the Seventh Circuit that would support a free exercise claim challenging Wisconsin Division of Adult Institution's 60-day signup deadline for participating in religious observances."  *Goff*, No. 20-cv-460-jdp, 2020 WL 4219838, at *2.  Or "a free exercise claim based on prison staff's failure to make an exception to the 60-day deadline for inmates who converted to Islam after the deadline passed."  *Id.*  Similarly, this court concluded "that qualified immunity applied regarding the question whether prison staff must notify inmates of the precise religious-meal-signup deadline date each year."  *Id.* (citing *Riley v. Ewing*, No. 15-cv-592-jdp, 2019 WL 188511, at *8 (W.D. Wis. January 14, 2019), *aff'd* 777 F. App'x 159 (7th Cir. 2019)).  Plaintiff does not also allege that he was generally unaware of a sign-up deadline, or that defendants' alleged responses to his requests indicating that the deadline had been posted and where it had been posted were inaccurate.  Accordingly, plaintiff may not proceed on this claim unless there is more to the story.  If there is, he may amend his complaint and include those additional allegations.

## III. Fourteenth Amendment Equal Protection Claim

Finally, plaintiff also wishes to proceed on an equal protection claim against defendants under a class-of-one theory, but his allegations again fall short.  Plaintiff alleges that he was the only Muslim at WSPF that was not allowed to participate in Ramadan fasting because his request was late.  However, the court cannot infer from this allegation

6

that plaintiff "has been intentionally treated differently from others similarly situated," or, in other words, that he has been intentionally singled out from other Muslim inmates who also submitted late requests to fast in 2020. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  If plaintiff has a basis for alleging that he was, he may file an amended complaint clarifying his claim.  Plaintiff should be aware, however, that class-of-one claims are generally disfavored in the prison context, at least where they involve discretionary decision-making by prison officials, so these types of claims are often difficult to prove. *See, e.g., Taliaferro v. Hepp*, No. 12-cv-921, 2013 WL 936609, at *6 (W.D. Wis. Mar. 11, 2013) ("[C]lass-of-one claims are likely never cognizable in the prison disciplinary context").

That said, it is conceivable that plaintiff might be able to articulate constitutional claims against the individual defendants involved in denying his request to participate in the 2020 Ramadan fast.  Accordingly, the court will dismiss plaintiff's complaint without prejudice and give plaintiff a brief window of time to file an amended complaint that cures the deficiencies noted above.  If he submits a proposed amended complaint by the deadline set forth below, the court will screen it under §§ 1915(e)(2), 1915A.  Otherwise, the entire case will be dismissed.

ORDER

IT IS ORDERED that:

1) Plaintiff Dayon McIntosh's complaint is DISMISSED.

2) Plaintiff may have until **January 19, 2022**, to submit an amended complaint that cures the deficiencies noted above and that meets the requirements of Rule 8. If plaintiff fails to respond by that deadline, this case will be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 29th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge